FILED

1   SAYRE & LEVITT, LLP
    Federico C. Sayre, Esq., (SBN: 067420)
2   *sayreesq@sayrelevitt.com*
    333 West Civic Center Drive
3   Santa Ana, California 92701
    Telephone: (714) 550-9117 / Facsimile: (714) 716-8445

2014 OCT -9  PM 2: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.

BY_____

4

5   Attorneys for Plaintiff, CHRISTOPHER CHAPIN

6

7                UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9   CHRISTOPHER CHAPIN, an          )   SACV14-01643 CJC (JCGx)
    individual;                     )   CASE NO.:
10                                  )
                                    )   PLAINTIFF'S COMPLAINT
11              Plaintiff,          )   FOR DAMAGES:
                                    )
12         vs.                      )   (1)  VIOLATION OF CIVIL
13                                  )        RIGHTS UNDER COLOR
    CITY OF SANTA ANA; OFFICER      )        OF LAW (42 USC §1983
14  BRANDON SONTAG; OFFICER         )        and 1988)
    ADAM ALOIYAN; AND DOES 1-10,    )   (2)  ASSAULT
15  inclusive.                      )   (3)  BATTERY
                                    )   (4)  NEGLIGENCE
16                                  )
                Defendants.         )
17                                  )   DEMAND FOR JURY TRIAL
                                    )
18                                  )

19

20

21        Plaintiff, CHRISTOPHER CHAPIN, as an individual alleges as follows:

22                            **PARTIES**

23        1.    Plaintiff, CHRISTOPHER CHAPIN (Herein, "PLAINTIFF"), at all

24  times herein mentioned, was a resident of Santa Ana, California.

25        2.    At all times herein mentioned, Defendant CITY OF SANTA ANA

26  ("CITY ") was and now, is a public entity, existing pursuant to the laws of the

27  State of California.

28

                                    1
                        COMPLAINT FOR DAMAGES

3.     Defendant OFFICER BRANDON SONTAG ("OFFICER SONTAG") is and at all times mentioned herein was, a Santa Ana Police Officer, employed by the CITY, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein and was, at all times herein mentioned, acting under color of state law as an employee, agent, and representative of every other defendant.

4.     Defendant OFFICER ADAM ALOYIAN ("OFFICER ALOYIAN") is and at all times mentioned herein was, a Santa Ana Police Officer, employed by the CITY, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein and was, at all times herein mentioned, acting under color of state law as an employee, agent, and representative of every other defendant.

5.     Defendants DOES 1-10 are and at all times mentioned herein were, officers employed by the CITY, who were acting within the course and scope of their employment at the time they undertook the activities alleged herein and were, at all times herein mentioned, acting under color of state law as employees, agents, and representatives of every other defendant.

## JURISDICTION

6.     Plaintiff CHRISTOPHER CHAPIN, an individual, claims for relief arising under, and for violations of, the following laws:

        a.     Federal Civil Rights Act under 42 USC §§ 1983 and 1988;

        b.     The Fourth Amendment of the United States Constitution; and

        c.     Equal Protection Clause and Due Process Clause of the Fourteenth Amendment of the United States Constitution.

7.     The jurisdiction of this court, is therefore, founded on Federal Question Jurisdiction pursuant to 28 USC § 1331.

8.     This court has supplemental jurisdiction over PLAINTIFF's state law claims under 28 USC § 1367(a).

2

COMPLAINT FOR DAMAGES

## VENUE

9.     Venue is proper in the Central District of Court of California in that one or more defendants reside in the City of Santa Ana, State of California, as more fully set forth herein.  Defendants are properly before this Court because "a substantial part of the events upon which this action is based occurred in this district."  28 USC § 1891(a)(2) and § 1343.  The subject incident involving PLAINTIFF occurred in the City of Santa Ana, California.

## GENERAL ALLEGATIONS

10.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution against Defendants, OFFICER SONTAG, OFFICER ALOYIAN, CITY and DOES 1-10.

11.     It is herein alleged that Defendant OFFICER SONTAG, OFFICER ALOYIAN and DOES 1-10 and/or other individuals employed by Defendants CITY, used excessive force upon PLAINTIFF CHRISTOPHER CHAPIN ("PLAINTIFF"), without legal cause or excuse, made an unreasonable seizure of PLAINTIFF's person, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

12.     On or about October 9, 2012, in the late evening hours, PLAINTIFF was lawfully walking home from work, on Warner Ave., near Raitt Street, in Santa Ana, California, when he was approached by Defendant OFFICERS SONTAG and ALOYIAN and instructed to face the wall.

13.     PLAINTIFF complied with the instructions of defendant OFFICERS SONTAG and ALOYIAN, whom nonetheless threw PLAINTIFF to the ground and proceeded to beat him unmercifully with their fists, as well as with a baton.

14.     PLAINTIFF did not resist to commands of OFFICER SONTAG, OFFICER ALOYIAN.

3

COMPLAINT FOR DAMAGES

15.   As a result of the vicious beating, PLAINTIFF sustained serious bodily injuries to his face, head, right elbow, right wrist, right knee and other parts of his body.

16.   As a proximate result of said conduct of Defendant OFFICER SONTAG and OFFICER ALOYIAN, and each of them, and the resulting injury, PLAINTIFF CHRISTOPHER CHAPIN, sustained serious and permanent physical injuries, including, but not limited to injuries to his face, head, right elbow, right wrist, right knee and other parts of his body and severe emotional distress.

17.   As required by Government Code §911.2, PLAINTIFF filed timely Government Claim against the CITY, OFFICER SONTAG, OFFICER ALOYIAN and unknown Officers/employees of the City of Santa Ana Police Department, dated March 26, 2013.  A copy of the Government Claim is attached as **Exhibit "1"** to the Complaint. The Claim was denied in writing, by operation of law, in a letter from Edward S. Raya, Executive Director of Personnel Services, City of Santa Ana, dated May 8, 2014, in accordance with Government Code §912.4(a). As such, the deadline to file a Complaint is **October 9, 2014,** (the two-year statute from the date of the subject incident) making this Complaint timely filed prior to that date.

## FIRST CAUSE OF ACTION

### VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (By Plaintiff Against Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or Does 1-10, inclusive)

18.   PLAINTIFF incorporates each and every preceding paragraph as though fully set forth herein.

19.   This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to PLAINTIFF by the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the

4

State of California.

20.   A public entity is liable for injury proximately caused by an act or mission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative under Government Code § 815.2.

21.   At the time of the incident, defendants OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10 and were acting within the course and scope of their employment with the CITY, as part of the CITY's Police Department.   Defendants owed a duty of ordinary care to avoid harm to PLAINTIFF.

22.   PLAINTIFF contends and herein alleges that defendants OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, and each of them breached these aforementioned duties, either negligently or intentionally in relation to all their interactions with PLAINTIFF, on October 9, 2012, including, but not limited to, their use of excessive force, including their beating of PLAINTIFF, with their fists, as well as a baton, while PLAINTIFF was laying on the ground, being compliant with defendants' instructions and was unarmed.

23.   PLAINTIFF contends and herein alleges that the aforementioned negligent/intentional breach of their duties by defendants OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, constituted violations of the civil rights of PLAINTIFF, in contravention of 42 U.S.C. §1983 of the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the State of California.   PLAINTIFF further contends and alleges that defendants OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10's disregard of his aforementioned civil rights was done by either actual malice or deliberate indifference to PLAINTIFF's civil rights.

COMPLAINT FOR DAMAGES

24.    PLAINTIFF contends and herein alleges that defendants OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10's physical assault upon the PLAINTIFF was the legal cause of his injuries.

25.    On or about October 9, 2012, defendants OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, and each of them, violated PLAINTIFF's civil rights under the Fourth and Fourteenth Amendments of the United States Constitution prohibiting unlawful search and seizure and violation of due process of law. The violation was under color of state law.   Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, and each of them, acted in violation of the Fourth Amendment of the United States Constitution when PLAINTIFF was subjected to excessive force when PLAINTIFF was beaten by defendants OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, while lying on the ground, being compliant with defendants and was unarmed.

26.    The   actions   of   defendants   OFFICER   SONTAG,   OFFICER ALOYIAN and/or DOES 1-10, as aforesaid, violated the Fourth and Fourteenth Amendments of the United States Constitution and violated 42 U.S.C. § 1983. The violation of PLAINTIFF's civil rights directly and proximately caused the injuries and damages to him.

27.    The illegal seizure and use of excessive force upon PLAINTIFF was in violation of his civil rights to be free from the unreasonable search and seizure of his person, to be free from the loss of his physical liberty interest, and for him to be free from denial of substantive due process under the Fourth and Fourteenth Amendments of the United States Constitution.

28.    Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, and each of theirs, actions as aforesaid directly and proximately caused injuries and damages to PLAINTIFF.

29.    On or about October 9, 2012, defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10 violated PLAINTIFF's Civil Rights by

6

1   using a degree of physical coercion which was not objectively reasonable under the

2   circumstances.   PLAINTIFF posed no threat when he was laying on the ground

3   and not resisting the arrest and/or commands of defendants OFFICER SONTAG,

4   OFFICER ALOYIAN and/or DOES 1-10 and was repeatedly punched and struck

5   with a baton, without justification, while in the custody of defendants. Defendant

6   OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10's use of excessive

7   force was unreasonable and in violation of PLAINTIFF'S Civil Rights under the

8   Fourth and Fourteenth Amendments of the United States Constitution to be free

9   from an unreasonable seizure of his person and to be free from a loss of physical

10   liberty. Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-

11   10's use of excessive force was in violation of PLAINTIFF's Fourth and

12   Fourteenth Amendment Rights.

13       30.    As a direct and proximate result of the conduct of defendant

14   OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, and each of them,

15   PLAINTIFF suffered the following injuries and damages for which he may

16   recover:

17          a.    Violation of his constitutional rights under the Fourth and

18   Fourteenth Amendment to the United States Constitution to be free from

19   unreasonable search and seizure of his person and summary, cruel and unusual

20   punishment;

21          b.    Conscious physical pain, suffering and emotional trauma;

22          c.    medical expenses;

23          d.    damages to clothing and other personal effects;

24          e.    Loss of income and lost earning capacity; and

25          f.    punitive damages.

26       31.    The conduct of defendant OFFICER SONTAG, OFFICER

27   ALOYIAN and/or DOES 1-10, was reckless and acted with callous indifference to

28   the federally protected rights of PLAINTIFF.   Defendant OFFICER SONTAG,

7

1    OFFICER ALOYIAN and/or DOES 1-10, and each of them, engaged in despicable

2    conduct by using excessive force and was malicious and in reckless and conscious

3    disregard for the rights and individual safety of PLAINTIFF and PLAINTIFF is

4    entitled to punitive damages in accord with constitutionally permitted limits to

5    punish and make an example of the individual defendants OFFICER SONTAG,

6    OFFICER ALOYIAN and/or DOES 1-10.

7         32.    PLAINTIFF is entitled to an award of attorneys' fees, costs and

8    expenses, pursuant to 42 U.S.C. Section 1988 due to defendant OFFICER

9    SONTAG, OFFICER ALOYIAN and/or DOES 1-10's violations of PLAINTIFF's

10   Civil Rights.

11                        **SECOND CAUSE OF ACTION**

12                                 **ASSAULT**

13               **(California Government Code Section 814, et. seq.)**

14              **[By Plaintiff Against Defendants OFFICER SONTAG,**

15                  **OFFICER ALOYIAN and DOES 1-10]**

16        33.    PLAINTIFF hereby incorporates each and every of the preceding

17   paragraphs, as though set forth fully herein.

18        34.    At all times herein mentioned, Government Code Section 820 was in

19   existence, which states in pertinent part as follows:

20        "(a) Except as otherwise provided by statute (including Section 820.02), a

21   public employee is liable for injury caused by his act or omission to the same

22   extent as a private person.

23        (b) The liability of a public employee established by this part (commencing

24   with Section 814) is subject to any defense that would be available to the public

25   employee if he were a private person."

26        35.    At all times herein mentioned, Government Code Section 815.2 was

27   in existence, which states in pertinent part as follows:

28        "(a) A public entity is liable for injury proximately caused by an act or

                                      8

1   omission of an employee of the public entity within the scope of his employment if
2   the act or omission would, apart from this section, have given rise to a cause of
3   action against that employee or his personal representative.

4        (b) Except as otherwise provided by statute, a public entity is not liable for
5   an injury resulting from an act or omission of an employee of the public entity
6   where the employee is immune from liability.

7        36.   At all times herein mentioned, Civil Code Section 1714 (a) was in
8   existence which states in pertinent part as follows:

9        "Everyone is responsible, not only for the result of his or her willful acts, but
10  also for an injury occasioned to another by his or her want of ordinary care or skill
11  in the management of his or her property or person. . . . ."

12       37.   At all times herein mentioned, PLAINTIFF had a civil right, pursuant
13  to the above-referenced Government codes and to California Civil Code §43, to be
14  free from an unlawful and unprivileged apprehension of a harmful contact with his
15  person by a public entity and/or public employee.

16       38.   On or about October 9, 2012, in the late evening hours, PLAINTIFF
17  was lawfully walking home from work, on Warner Ave., near Raitt Street, in Santa
18  Ana, California, when he was approached by Defendant OFFICERS SONTAG and
19  ALOYIAN and instructed to face the wall.   PLAINTIFF did not resist to
20  commands of Defendant OFFICERS SONTAG and ALOYIAN.

21       39.   PLAINTIFF complied with the instructions of defendant OFFICERS
22  SONTAG, ALOYIAN and/or DOES 1-10, whom nonetheless threw PLAINTIFF
23  to the ground and proceeded to beat him unmercifully with their fists, as well as
24  with a baton.

25       40.   Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES
26  1-10 acted, intending to cause harmful contact upon PLAINTIFF;

27       41.   PLAINTIFF reasonably believed that he was about to be touched in a
28  harmful manner by defendants OFFICER SONTAG, OFFICER ALOYIAN and/or

9

COMPLAINT FOR DAMAGES

1   DOES 1-10, as he was held down on the ground;

2   42.   PLAINTIFF did not consent to defendant OFFICER SONTAG,

3   OFFICER ALOYIAN and/or DOES 1-10's conduct of being punched and

4   repeatedly struck with a baton;

5   43.   PLAINTIFF was physically harmed by defendant OFFICER

6   SONTAG, OFFICER ALOYIAN and/or DOES 1-10; and

7   44.   That defendant OFFICER SONTAG, OFFICER ALOYIAN and/or

8   DOES 1-10's conduct of punching him and striking him with a baton was a

9   substantial factor in causing PLAINTIFF's harm.

10   45.   As a result of the vicious beating, PLAINTIFF sustained serious and

11   permanent injuries to his body.

12   46.   Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES

13   1-10, were working within the course and scope of their employment with

14   defendant CITY, at the time of their physical assault upon PLAINTIFF.

15   47.   As a direct and proximate result of said tortious acts, and omissions or

16   conduct of the defendants OFFICER SONTAG, OFFICER ALOYIAN and/or

17   DOES 1-10, and each of them, PLAINTIFF has sustained and incurred, and is

18   certain in the future to sustain and incur, losses, injuries and damages which are

19   itemized as follows:

20   a.   Serious and severe personal injuries;

21   b.   Expenses for medical procedures, medical care and treatment;

22   c.   Loss of present earnings, future earnings and earnings' potential;

23   d.   General damages for pain, suffering, anguish, discomfort, severe

24   emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life,

25   and loss of ability to engage in normal and customary life activities;

26   e.   Expenses for future medical care, treatment and healing; and

27   f.   Other and further damages not specifically enumerated but for which

28   PLAINTIFF will seek leave of court to amend according to proof at the time of

COMPLAINT FOR DAMAGES

1   trial.

2       48.    Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES

3   1-10 engaged in malicious, willful, oppressive and despicable conduct as herein

4   alleged and acted with a conscious disregard of PLAINTIFF's rights and with an

5   intent to vex, injure or annoy PLAINTIFF such as to constitute oppression, fraud

6   or malice in violation of Civil Code Section 3294.    Defendant OFFICER

7   SONTAG, OFFICER ALOYIAN and/or DOES 1-10 engaged in a conscious

8   disregard of PLAINTIFF's safety and thereby directly caused injury and damage to

9   PLAINTIFF.    PLAINTIFF is entitled to punitive damages against defendant

10  OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10 to punish and

11  make an example of them.

12                      **THIRD CAUSE OF ACTION**

13                              **BATTERY**

14          **(California Government Code Sections 814, et. seq.)**

15           **[By Plaintiff Against Defendants OFFICER SONTAG,**

16                  **OFFICER ALOYIAN and DOES 1-10]**

17      49.    PLAINTIFF hereby incorporates each and every of the preceding

18  paragraphs, as though set forth fully herein.

19      50.    At all times mentioned in this complaint, Government Code Section

20  820 was in existence, which states in pertinent part as follows:

21      "(a) Except as otherwise provided by statute (including Section 820.02), a

22  public employee is liable for injury caused by his act or omission to the same

23  extent as a private person.

24      (b) The liability of a public employee established by this part (commencing

25  with Section 814) is subject to any defense that would be available to the public

26  employee if he were a private person."

27      51.    At all times mentioned in this complaint, Government Code Section

28  815.2 was in existence, which states in pertinent part as follows:

1    "(a) A public entity is liable for injury proximately caused by an act or

2  omission of an employee of the public entity within the scope of his employment if

3  the act or omission would, apart from this section, have given rise to a cause of

4  action against that employee or his personal representative.

5    (b) Except as otherwise provided by statute, a public entity is not liable for

6  an injury resulting from an act or omission of an employee of the public entity

7  where the employee is immune from liability.

8    52.    At all times herein mentioned, Civil Code Section 1714 (a) was in

9  existence which states in pertinent part as follows:

10    "Everyone is responsible, not only for the result of his or her willful acts, but

11  also for an injury occasioned to another by his or her want of ordinary care or skill

12  in the management of his or her property or person. . . . ."

13    53.    At all times herein mentioned, PLAINTIFF had a civil right, pursuant

14  to the California Government codes listed above and to California Civil Code §43,

15  to be free from an unlawful and unprivileged harmful contact with his person by a

16  government entity and/or public employee.

17    54.    Defendants OFFICER SONTAG, OFFICER ALOYIAN and/or

18  DOES 1-10 inclusive, were acting in the course and scope of their employment

19  with the CITY, as members of the Santa Ana Police Department, when they

20  physically assaulted PLAINTIFF.

21    55.    Defendants OFFICER SONTAG, OFFICER ALOYIAN and/or

22  DOES 1-10 touched PLAINTIFF with the intent to harm or offend him;

23    56.    PLAINTIFF did not consent to being repeatedly punched and/or

24  struck with a baton, by defendant OFFICER SONTAG, OFFICER ALOYIAN

25  and/or DOES 1-10; and

26    57.    PLAINTIFF was physically harmed by defendant OFFICER

27  SONTAG, OFFICER ALOYIAN and/or DOES 1-10's conduct of repeatedly

28  punching him and striking him with a baton, while he was on the ground.

12

COMPLAINT FOR DAMAGES

1    58.    A reasonable person in PLAINTIFF's situation would have been

2    offended by the touching.

3    59.    Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES

4    1-10 did not have any probable cause or reason, or lawful justification to

5    physically assault PLAINTIFF, on October 9, 2012.

6    60.    The actions of defendant OFFICER SONTAG, OFFICER ALOYIAN

7    and/or DOES 1-10, constituted an intentional, unlawful, harmful and offensive

8    contact with PLAINTIFF's person.  By reason of the wrongful and malicious acts

9    of defendants OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10,

10   PLAINTIFF was injured in health, strength, and activity and has suffered extreme

11   mental anguish and physical pain.

12   61.    As a direct and proximate result of said tortious acts, and omissions or

13   conduct of the defendant OFFICER SONTAG, OFFICER ALOYIAN and/or

14   DOES 1-10, and each of them, PLAINTIFF has sustained and incurred, and are

15   certain in the future to sustain and incur, losses, injuries and damages which are

16   itemized as follows:

17        a.    Serious and severe personal injuries;

18        b.    Expenses for medical procedures, medical care and treatment;

19        c.    Loss of future earnings and earnings' potential;

20        d.    General damages for pain, suffering, anguish, discomfort, severe

21   emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life,

22   and loss of ability to engage in normal and customary life activities;

23        e.    Expenses for future medical care, treatment and healing;

24        f.    Other and further damages not specifically enumerated but for which

25   PLAINTIFF will seek leave of court to amend according to proof at the time of

26   trial; and

27   62.    The aforementioned acts of defendant OFFICER SONTAG,

28   OFFICER ALOYIAN and/or DOES 1-10, and each of them, were willful,

13

COMPLAINT FOR DAMAGES

1    malicious and oppressive, without legal justification or legal authority and thereby

2    justify the awarding of punitive damages in a sum according to proof.

3                          **FOURTH CAUSE OF ACTION**

4                                **(NEGLIGENCE)**

5             **(By Plaintiff for Negligence against All Defendants)**

6                        **[Government Code §815.2]**

7           63.    PLAINTIFF hereby incorporates each and every of the preceding

8    paragraphs, as though set forth fully herein.

9           64.    PLAINTIFF alleges that pursuant to California Government Code

10   §815.2 (a), "A public entity is liable for injury proximately caused by an act or

11   omission of an employee of the public entity within the scope of his employment if

12   the act or omission would, apart from this Section, have given rise to a cause of

13   action against that employee or his personal representative."

14          65.    On or about October 9, 2012, in the late evening hours, PLAINTIFF

15   was lawfully walking home from work, on Warner Ave., near Raitt Street, in Santa

16   Ana, California, when he was approached by Defendant OFFICERS SONTAG and

17   ALOYIAN and instructed to face the wall.    PLAINTIFF did not resist to

18   commands of the defendants OFFICER SONTAG, OFFICER ALOYIAN and/or

19   DOES 1-10.

20          66.    PLAINTIFF complied with the instructions of defendant OFFICERS

21   SONTAG, ALOYIAN and/or DOES 1-10, whom nonetheless threw PLAINTIFF

22   to the ground and repeatedly beat him unmercifully with their fists, as well as with

23   a baton.

24          67.    Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES

25   1-10 breached their duty of care to PLAINTIFF by unnecessarily and unjustifiably

26   physically assaulting PLAINTIFF, causing PLAINTIFF to sustain serious and

27   permanent injuries.

28

                                       14

68.     As a proximate result of the above-described negligence of defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, PLAINTIFF CHRISTOPHER CHAPIN suffered the injuries and damages as hereinafter alleged, including serious and permanent injuries to his head, face, right elbow, right wrist, right knee and other parts of his body, as well as, emotional distress, as a result of the acts of defendants OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10.

69.     The acts of defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, were in direct violation of the Santa Ana Police Department's Policies and Procedures, Use of Force Policies.

70.     Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10 were acting within the course and scope of their employment with CITY, as members of the Santa Ana Police Department, when they conducted the acts as described.

71.     PLAINTIFF alleges that defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10 were, at all times relevant, employees of Defendant CITY, as members of the Santa Ana Police Department.

72.     Defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10's actions while PLAINTIFF was in their custody, resulting in severe physical injuries to PLAINTIFF's head and body, constituted negligence on their part.

73.     Defendant CITY, as employer of defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, is vicariously liable for defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10's negligence.

74.     At all times herein mentioned, Defendant CITY was negligent in supervising the conduct of defendant OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, resulting in the injuries to PLAINTIFF.

COMPLAINT FOR DAMAGES

75.     PLAINTIFF is informed and believes, and thereon alleges, that on or before October 9, 2012, Defendant CITY negligently hired, trained, supervised, employed and/or managed defendants OFFICER SONTAG, OFFICER ALOYIAN and/or DOES 1-10, by failing and refusing to train Santa Ana Police Department officers in proper search, seizure and arrest techniques and not using excessive force upon those that are compliant to their commands, in that the Defendants knew, or in the exercise of reasonable diligence, should have known, that these officers were dangerous and violent employees, prone to use of unnecessary force, and in a manner that demonstrated callous disregard for the rights and safety of civilian citizens, and assault and batter persons and/or use unnecessary, unreasonable and/or unlawful physical force without reasonable justification.

76.     As a legal, direct and proximate result of the aforementioned negligence by Defendants, and each of them, PLAINTIFF suffered bodily injuries, mental injuries and emotional distress.  Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive PLAINTIFF of his rights and privileges.

**WHEREFORE,** PLAINTIFF prays for judgment against Defendants and each of them as follows:

1.     General damages in an amount to be proven at trial;

2.     Damages for medical and related expenses according to proof;

COMPLAINT FOR DAMAGES

1       3.     Damages for loss of earning capacity according to proof;

2       4.     For other and further general and special damages in a sum according

3             to proof at the time of trial;

4       5.     Interest according to law;

5       6.     Punitive damages against defendant OFFICER SONTAG, OFFICER

6             ALOYIAN and DOES 1-10 only;

7       7.     For costs of suit incurred herein; and

8       8.     For such other and further relief as this Court deems just and proper.

9

10  Dated: October 9, 2014         **SAYRE & LEVITT, LLP**

11

12                      By: _____

13                         Federico C. Sayre, Esq.

14                         Attorneys for Plaintiff

                             CHRISTOPHER CHAPIN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

1
## **DEMAND FOR JURY TRIAL**

2
    Plaintiff hereby demands a jury trial in the instant action on all stated causes

3
of action.

4

5
Dated:  October 9, 2014           **SAYRE & LEVITT, LLP**

6

7
           By: _____

8
               Federico C. Sayre, Esq.

               Adam L. Salamoff, Esq.

9
               Attorneys for Plaintiff

               CHRISTOPHER CHAPIN

18

COMPLAINT FOR DAMAGES